**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
GREENVILLE DIVISION**

| | |
|---|---|
| **DAMON PARRISH HIPPS,** | **PLAINTIFF** |
| | **NO. 4:05CV190-M-B** |
| **V.** | *CONSOLIDATED WITH* |
| | **NO. 4:05CV249-M-B** |
| **EMIITT SPARKMAN, et al.,** | **DEFENDANTS** |

## OPINION

This matter is before the court on Defendants' motion for summary judgment. After carefully considering the contents of the *pro se* complaints and giving them the liberal construction required by *Haines v. Kerner*, 404 U.S. 529 (1972), the court finds that summary judgment shall be denied.

### A. *Factual and Procedural Background*

Plaintiff, an inmate currently in the custody of the Mississippi Department of Corrections, filed these complaints pursuant to 42 U.S.C. § 1983. Plaintiff is seeking monetary damages for injuries he sustained from two separate attacks by other inmates. Cause number 4:05cv190-M-B concerns the June 8, 2004 assault on Plaintiff by inmate John Frierson, a member of the Aryan Brotherhood.[1] Specifically, Plaintiff had placed a "red-tag" on Frierson on October 13, 2003. Plaintiff was "actively on protective custody status" at the time of the attack because Frierson had placed a "hit" on Plaintiff's life. On the day of the attack, Plaintiff alleges that he was placed in a single-man recreation pen for yard call. Despite the red-tag and his protective custody status he was placed in a pen directly next to Frierson. Curiously and apparently without calling attention to his actions, Frierson managed to dismantle the pen and attack Plaintiff with a shank. Plaintiff claims

---

[1] In accordance with an order of this court dated June 18, 2007, certain facts were established as true due to Defendants' failure to comply with previous orders compelling the production of specific discoverable materials.

that the Defendants are liable because they knew about the hit placed on his life since he had specifically red-tagged Frierson as a threat. According to Plaintiff, Defendant Sparkman acknowledged the existence of the hit during state court proceedings initiated by Plaintiff prior to the attack.[2] Additionally, Plaintiff contends that Defendants were aware the recreation pens had been dismantled in the past but failed to make adequate repairs.

In a separate cause number 4:05cv249-M-B naming the same Defendants, Plaintiff seeks damages for yet another similar attack. The second attack occurred on June 29, 2004, twenty-one days after the attack by Frierson. Again during yard call, Plaintiff was placed in a single-man pen next to inmate Joshua Brinks, who like Frierson was associated with the Aryan Brotherhood. Brinks began dismantling the pen and attempted to stab Plaintiff with a shank. Though Plaintiff managed to prevent Brinks from entering his pen, Brinks stabbed him numerous times.

On June 22, 2007, facing an imminent trial date, Defendants sought and were granted a continuance so that dispositive motions could be presented to the court. On July 20, 2007, Defendants filed their motion for summary judgment arguing, that Plaintiff cannot demonstrate deliberate indifference, an essential element of a failure to protect claim; that the doctrine of *respondeat superior* bars Plaintiff's claim against any one without personal involvement; and that each Defendant is entitled to qualified immunity. The trial is presently scheduled for November 26, 20007.

## B. Standard of Review

When considering a motion for summary judgment, the movant has the initial burden of showing the absence of a genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 325, 106 S. Ct. 2548, 2554, 91 L. Ed. 2d 265, 275 (1986) ("the burden on the moving party may be

---

[2] Plaintiff had entered into Agreed Orders of Settlement regarding the safety of Unit 17 in an earlier case filed in this court, *Hipps v. Sparkman, et al.*, 4:03cv436-M-B, and in the Circuit Court of Sunflower County, *Hipps v. State of Mississippi*, No. 2002-0092-M (S)(S).

discharged by 'showing'...that there is an absence of evidence to support the non-moving party's case"). Under Rule 56(e) of the Federal Rules of Civil Procedure, the burden shifts to the non-movant to "go beyond the pleadings and by...affidavits, or by the 'depositions, answers to interrogatories, and admissions on file,' designate 'specific facts showing that there is a genuine issue for trial.'" *Celotex Corp.*, 477 U.S. at 324, 106 S. Ct. at 2553, 91 L. Ed. 2d at 274. That burden is not discharged by "mere allegations or denials." Fed. R. Civ. P. 56(e). All legitimate factual inferences must be made in favor of the non-movant. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255, 106 S. Ct. 2505, 2513, 91 L. Ed. 2d 202, 216 (1986). Rule 56(c) mandates the entry of summary judgment "against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex Corp.*, 477 U.S. at 322, 106 S. Ct. at 2552, 91 L. Ed. 2d at 273. Before finding that no genuine issue for trial exists, the court must first be satisfied that no reasonable trier of fact could find for the non-movant. *Matsushita Elec. Indus. v. Zenith Radio Corp.*, 475 U.S. 574, 587, 106 S. Ct. 1348, 1356, 89 L. Ed. 2d 538, 552 (1986).

### C. Discussion

First, it should not go without notice that Defendants' motion for summary judgment is, at best, perfunctory and the supporting memoranda is more conclusory than analytical. Although Defendants have *concluded* there is no disputed fact, they have nonetheless, failed to *demonstrate* the absence of a material fact and thereby overcome their initial burden. Since Defendants have not satisfied the initial showing, it is not necessary that the Plaintiff present contradictory factual proof.

Defendants have not shown with competent evidence the absence of deliberate indifference towards Plaintiff's safety. Defendants have similarly failed to identify undisputed facts with regard their personal involvement with the events that lead to the two separate attacks on the Plaintiff. Again, Defendants simply conclude that the doctrine of *respondeat superior* will shield them from

liability. Finally, without ever applying the law to the facts of these cases, Defendants presumptively determine that they are entitled to immunity from suit and liability.

It is true that a public official acting with discretionary authority may enjoy the protections of qualified immunity. *Saldana v. Garza*, 684 F.2d 1159, 1162 (5th Cir. 1982). Qualified immunity defense, however, is available only to those who act within their cloak of authority and not to those who are "plainly incompetent or those who knowingly violate the law." *Malley v. Briggs*, 475 U.S. 341, 335, 106 S. Ct. 1092, 1096, 89 L. Ed. 2d 271 (1986); *see also Wooley v. City of Baton Rouge*, 211 F.3d 913, 919 (5th Cir. 2000). Given the facts of this case have yet to be fully developed, the court is unable to ascertain whether each Defendant was acting within their permitted authority or whether their actions fall into the incompetent category. Certainly, the bear allegations and known facts do not weigh in favor of granting immunity.

Here, the Plaintiff has provided enough information for the court to conclude that Defendants were aware of the existence of a substantial risk of serious harm and that Defendants actually drew such an inference since they placed Plaintiff on protective custody. It is less apparent whether or not Defendants subjectively intended to cause harm or whether they were grossly negligent by placing Plaintiff into a recreation pen adjacent to the very man or men who, to no one's surprise, where trying to kill the Plaintiff. Nevertheless, such a determination is appropriately within the province of a jury. *Thompson v. Upshur County, TX*, 245 F.3d 447, 464 (5th Cir. 2001). Hence, assuming the facts as stated by the Plaintiff, the Defendants are not entitled to qualified immunity.

### D. Conclusion

Defendants have failed to meet their initial *Celotex* burden. Accordingly, the court finds that summary judgment is not appropriate. Furthermore, based on the current posture of this case, Defendants are not entitled to immunity. However, should more information and proof yield a different conclusion, the Court will reconsider the issue.

A separate order in accordance with this opinion will be entered.

THIS the 17th day of October, 2007.

                                      **/s/ Michael P. Mills**
                                      **CHIEF JUDGE**
                                      **UNITED STATES DISTRICT COURT**
                                      **NORTHERN DISTRICT OF MISSISSIPPI**